Riley, Admr. v. Riley et al.          [Vol. VII, N. S.

---

### PARAMOUNT OBJECT IN MIND OF TESTATOR.

Common Pleas Court of Hamilton County.

WILLIAM RILEY, ADMINISTRATOR, v. JAMES RILEY ET AL. *

Decided, January 4, 1908.

*Wills—Construction of—Authority to Consume Corpus of Estate to Support Imbecile Son will be Implied, When.*

Real estate belonging to a decedent may be sold and the corpus as well as the income used for the support of an imbecile son, when the

---

* The subjoined memorandum, in which all three judges concurred, was filed in the Circuit Court in this case:

"In this case, heard upon appeal, we think the judgment entry of the Common Pleas Court places the correct construction upon the will in controversy; the property should be sold and the proceeds applied to the payment of the claim of William Riley and the balance used for the support of James Riley, an imbecile. Six dollars per week for his board, care, nursing, etc., we believe to be reasonable, and a decree may be taken similar to that entered in the court below."

language of the will indicates a purpose on the part of the testatrix to provide for the care and support of such son regardless of the interests of the remaindermen.

*John P. Ryan* and *Henry G. Hauck,* for plaintiff.
*Edward M. Ballard,* contra.

O'CONNELL, J.

The will of Mary Riley, which was duly admitted to probate and record on the 10th day of August, 1894, in the probate court of this county, is here presented for interpretation.

The will comprises nine items. Of these four are concerned with her son, James Riley. Item three describes him as "of weak mind and being unable to care for and support himself." The evidence shows that he is past the age of 54 years, an imbecile from birth, incurable, almost blind and at times pitiably helpless physically, and has frequently been under the care of different physicians. He is a very great care on those who have him in charge.

There is no personalty and the real property of the estate for various reasons is unable to produce sufficient income to pay its current charges and repairs and afford support for this imbecile son.

The question to be decided is: Can the real estate be sold and the corpus as well as the income of the estate be used for his support?

Item two of the will provides that the "remaining income (after payment of repairs, taxes, etc.) arising from the rents and profits of said above mentioned property be applied by my executors and trustees to the sole and only support of my son James Riley as far as becomes necessary during his natural life." Standing alone, these words might not permit the sale of the real estate and the use of the corpus to support this son, but these words are followed immediately and in the same sentence with the following language: "and in case of sickness of my son James Riley and in event of his death my executor is to pay the same out of said income, if sufficient. If not sufficient then out of my estate that I may die seized of." "And having my son James Riley

*  *  *  properly clothed and warm and well cared for and looked after in every particular is my greatest desire.''

Item three provides that if his brothers do not treat him properly then his care shall be given to a lady friend of the testatrix, if living, ''if not, some other good and kind Catholic person and pay for his support.''

Item seven makes the stipulation: ''In case of fire that the money arising on the insurance shall be invested and proceeds arising on same to be applied for the support of James Riley and at his death divided as above mentioned.'' '

The will taken as a whole—and under numerous authorities cited from our Supreme Court the will must be construed as a whole—leaves no doubt that the greatest desire of the testatrix was for the care and future comfort of this imbecile son. If the property could be sold to provide for his burial would it not be a violent presumption to say it could not be sold to provide maintenance and support for him while living? That her intent was to provide for him regardless of the other beneficiaries is plainly indicated by a study of item seven given above. So little did she regard the remaindermen that in case of fire the insurance money was to be used, not to rebuild and protect and preserve the corpus of the estate for the remaindermen, but the money should be invested and the proceeds arising on same to be applied for his support. *Quaere*, ''proceeds arising on same'' meaning ''arising on the insurance'' or arising on the investment?

It will be noted further that the will nowhere says that the ''income only'' shall be used nor by express terms is his support anywhere limited ''solely'' to the income. It is only by implication that such construction can arise. His physical condition can unquestionably be construed as such sickness as would necessitate a sale of the estate for his support, as is allowable under the latter part of item two of the will.

We can well quote here the language of our Supreme Court in interpreting the will of a testator as found in 41 O. S., 241, at page 255:

''Considering the relation of the testator to Ann (his daughter) the natural interpretation of his words treats that support as the primary and paramount object in his mind.''

So in the case at bar the paramount object of the testatrix's bounty was her imbecile son and the words of the will should be given no such narrow interpretation as would cause that son to suffer for the benefit of the remaindermen.

A decree may be entered accordingly.